**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY ) | |
| a/s/o TODD & CARYN CAFFEE, ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:10-cv-13 |
| ) | |
| VORNADO AIR, LLC, ) | |
| ) | |
|     **Defendant.** ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Second Amended Complaint and third attempt to properly establish the citizenship of Defendant Vornado Air, LLC. Once again, the Plaintiff's pleading fails to properly establish this Court's diversity jurisdiction and requires further modification.

To be absolutely clear, a limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of its *members*. *Wise v. Wachovia Sec.*, *LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Statements about an LLC's principal place of business are "meaningless" to establish diversity jurisdiction. *MasterSpas, Inc. v. Master Pools & Spas, LLC*, No. 1:08-cv-74, 2008 WL 2705177, at *1 (N.D. Ind. July 8, 2008).

The Plaintiff has alleged that Defendant Vornado Air, LLC is *managed* by Charlie Wear and Kay A. Reed, who are both residents of the state of Kansas. This allegation is insufficient, because the manager of an LLC is not necessarily the same as the member of an LLC. Some LLCs are managed solely by their members ("a member-managed LLC"), while others are

directed by independent managers ("a manager-managed LLC"). *See* KAN. STAT. ANN. § 17-7693 (2009). The Court must be advised of the citizenship of each *member* of Vornado Air, LLC to ensure that none of its members share a common citizenship with the Plaintiff.

Furthermore, the Plaintiff's allegation that Charlie Wear and Kay A. Reed are residents of Kansas is also insufficient. The "residency" of a party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene*, *L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence.").

Therefore, the Plaintiff is ORDERED to file a third amended complaint forthwith, properly alleging on personal knowledge the citizenship of each *member* of Vornado Air, LLC. Plaintiff faces dismissal of its complaint if on its fourth attempt it is unable to adequately establish this Court's diversity jurisdiction.

SO ORDERED.

Enter for March 9, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge